**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| E.ON SE,<br>Brüsseler Platz 1,<br>45131 Essen,<br>Germany<br><br>E.ON Finanzanlagen GmbH,<br>Brüsseler Platz 1,<br>45131 Essen,<br>Germany<br><br>E.ON Iberia Holding GmbH,<br>Brüsseler Platz 1,<br>45131 Essen,<br>Germany<br>*Petitioners,*<br><br>v.<br><br>Kingdom of Spain,<br>Abogacia General del Estado<br>Calle Ayala, 5 28001 – Madrid<br>Spain<br>*Respondent.* | Civil Action No. 26-cv-3903 |

**PETITION TO ENFORCE ARBITRAL AWARD**

Petitioners E.ON SE, E.ON Finanzanlagen GmbH and E.ON Iberia Holding GmbH (together, "Petitioners") bring this action to enforce an arbitral award (the "Award") issued on January 18, 2024, in ICSID Case No. ARB/15/35 against Respondent, the Kingdom of Spain ("Spain"), following arbitration proceedings before a tribunal constituted by the International Centre for Settlement of

Investment Disputes ("ICSID") and conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention").

Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention are not subject to collateral attack—that is, a federal court has no jurisdiction to examine the issues disputed in the arbitration proceedings that resulted in the Award—and must be enforced and given the same full faith and credit as if the award were a final judgment of a state court in the United States. Accordingly, Petitioners request that this Court (1) enter an order enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (2) enter judgment in Petitioners' favor in the amounts specified in the Award, converted to U.S. dollars.

The procedural language of the arbitration was English and Spanish. (Ex. A to Ex. 1, Certified Copy of Award ("Award"), ¶ 13.) Two certified copies of the Award (one each in English and Spanish) are attached as Exhibits A and B to the Declaration of Kenneth D. Beale, which is Exhibit 1 hereto. The Tribunal's prior June 23, 2022 Decision on Jurisdiction, Liability and Principles of Quantum ("Liability Decision") is incorporated in its entirety into the Award, with Annex I to the Award listing changes made to the text of the Liability Decision upon incorporation into the Award. (Award ¶ 1 n.1.)

A copy of the Liability Decision is attached hereto as Exhibit 2. A copy of the ICSID Convention is attached hereto as Exhibit 3.

## **Parties**

1. Each of Petitioners, E.ON SE, E.ON Finanzanlagen GmbH, and E.ON Iberia Holding GmbH, is a company incorporated under the laws of Germany.

2. Respondent, the Kingdom of Spain, is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1602–1611.

## **Jurisdiction and Venue**

3. This Court has subject-matter jurisdiction over this action pursuant to the FSIA, 28 U.S.C. § 1330(a), because this is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the FSIA.

4. Pursuant to Section 1605(a)(1) of the FSIA, Spain is not entitled to immunity from this Court's jurisdiction in an action to enforce an ICSID award because it has waived that immunity by agreeing to the ICSID Convention. *See Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013).

5. Further, pursuant to Section 1605(a)(6) of the FSIA, Spain is not immune from suit because this is an action to enforce an arbitral award made pursuant to the arbitration provision of an investment treaty, *see infra* ¶¶ 9–26, and enforcement is governed by the ICSID Convention, which is a treaty in force in the United States that governs the recognition and enforcement of awards rendered pursuant to the ICSID Convention. *See Chevron Corp. v. Ecuador*, 795 F.3d 200, 204–06 (D.C. Cir. 2015); *see also Blue Ridge*, 735 F.3d at 85; *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1100–05 (D.C. Cir. 2024), *cert. denied sub nom. Kingdom of Spain v. Blasket Renewable Invs., LLC*, No. 24-1130, 14 S. Ct. 2784 (June 29, 2026).

6. This Court also has subject-matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

7. Upon service of this petition, this Court will have personal jurisdiction over Spain pursuant to the FSIA, 28 U.S.C. § 1330(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4).

8. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, does "not apply to enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a). Thus, the FAA's jurisdictional requirements do not apply to this action.

**The Underlying Dispute**

9. Starting in 1997, Spain adopted legislation that liberalized its electricity sector so as to attract investment in renewable energies, including concentrated solar power ("CSP") plants, wind farms, and hydroelectric power plants within its territory. (Award ¶¶ 200–282.) In reliance on the remuneration regime, inducements and investment conditions created by these legislative measures, Petitioners invested in wind farms, wind farm developments, CSP plants and hydroelectric power plants in Spain. (*Id.* ¶¶ 283–342.)

10. In 2010, following an increase in Spain's aggregate tariff deficit, to which its renewable energy subsidies were contributing, Spain began to adopt a series of measures adversely affecting the incentives for Petitioners' existing plants in Spain. (*Id.* ¶¶ 348–350, 361–373.) After a change in governmental leadership, Spain adopted further laws from 2012 to 2014 retrenching on, and eventually revoking, the economic incentives on which Petitioners had relied in investing in renewable energy. (*Id.* ¶¶ 374–428.)

11. The investments that Petitioners made in renewable energy in Spain were protected by the Energy Charter Treaty ("ECT") (Exhibit 4 hereto), which "establishes a legal framework [for] promot[ing] long-term cooperation in the energy field" and seeks to "create stable, equitable, favourable and transparent conditions for Investors . . . includ[ing] a commitment to accord . . . fair and equitable treatment." ECT, arts. 2, 10(1); (Award ¶¶ 166, 684–689).

12. The ECT protects investments in the territory of a "Contracting Party" to the treaty by "Investors" located or incorporated in "other Contracting Parties." ECT, arts. 1(7), 10(1), 26.

13. Spain and Germany are each Contracting Parties to the ECT, so the ECT protects investments in Spain by investors, like Petitioners, located or incorporated in Germany. (Award ¶¶ 508–553.)

14. Contracting Parties to the ECT consent to submit disputes arising under that treaty to arbitration. Article 26(3)(a) of the ECT provides that "each Contracting Party hereby gives its unconditional consent to the submission of a dispute to international arbitration . . . in accordance with the provisions of this Article." Article 26(4)(a)(i) of the ECT further provides that where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the ICSID Convention," the dispute will be submitted for arbitration under the ICSID Convention. Accordingly, Spain consented to arbitrate the underlying dispute pursuant to the ICSID Convention.

**The ICSID Arbitration**

15. On July 27, 2015, ICSID received Petitioners' request for arbitration, dated July 24, 2015, under the ICSID Convention, which the Secretary-General of ICSID registered on August 10, 2015. (Award ¶¶ 7–8.) Petitioners contended that Spain's legislative and regulatory actions that

retrenched the incentives offered to their renewable energy investments constituted breaches of Spain's obligations under the ECT. (*Id.* ¶¶ 429–430, 617–652, 730–744.)

16. An ICSID arbitral tribunal ("the Tribunal") was constituted on January 21, 2016. (*Id.* ¶ 11.)

17. On November 20, 2018, following the passing away of Prof. Francisco Orrego Vicuña on October 2, 2018, and thus the suspension of the proceedings pursuant to Rule 10(2) of the ICSID Rules of Procedure for Arbitration Proceedings 2006 ("Arbitration Rules"), Prof. Andrés Jana Linetzky was appointed by Petitioners pursuant to ICSID Arbitration Rule 11(1) and the Tribunal was reconstituted. (Award ¶¶ 10, 64–65.)

18. Spain objected to the Tribunal's jurisdiction, and the Tribunal conducted a hearing on jurisdiction and the merits from April 30 through May 5, 2018 in Paris, France. (*Id.* ¶¶ 24, 47.)

19. On June 23, 2022, the Tribunal issued its Liability Decision, determining that the Tribunal had jurisdiction to hear the claims of breach of the ECT, except as to a narrow dispute regarding certain tax measures. (*Id.* ¶ 139.) On the merits, the Tribunal determined that Spain breached its obligation to provide "fair and equitable treatment to Claimants" under Article 10(1) of the ECT. (*Id.*) The Tribunal reserved its final decision on the calculation of quantum and a decision on costs for additional phases of arbitration. (*Id.*) The Tribunal either rejected or found it unnecessary to consider each of the other claims brought by Petitioners. (*Id.*)

20. On January 18, 2024, the Tribunal entered the Award in Petitioners' favor. The Tribunal's prior June 23, 2022 Liability Decision is incorporated in its entirety into the Award, with Annex I to the Award listing changes made to the text of the Liability Decision upon incorporation into the Award. (*Id.* ¶ 1 n.1.)

21. In the Award, the Tribunal ordered Spain to pay Petitioners EUR 253,766,000 as compensation, in addition to pre-award interest on that amount of EUR 60,683,000. (*Id.* ¶¶ 1014, 1020.)

22. In the Award, the Tribunal further specified that such sums were to be paid within 30 calendar days and that interest would subsequently accrue on the outstanding unpaid sums from and after January 18, 2024 until such sums are paid in full, at the compound interest rate specified in paragraph 1010 of the Award. (*Id.* ¶¶ 1010, 1015, 1020.) Paragraph 1010 of the Award confirmed that the interest rate with respect to unpaid sums from and after January 18, 2024 is the 12-month EURIBOR rate increased by Spain's country risk premium calculated pursuant to paragraph 1008 of the Award (*i.e.*, as published by Professor Aswath Damodaran with respect to the first business day of that quarter, adjusted for each succeeding quarter thereafter for Spain's country risk premium published on the same basis), compounded annually. (*Id.* ¶¶ 1008, 1010.) The Award provided that, if Professor Damodaran's website shall at any time cease to publish Spain's country risk premium or cease to exist, the country risk premium shall be taken from the country risk premium service provided by S&P Global. (*Id.* ¶ 1008.)

23. On May 17, 2024, Spain filed its Application for Annulment of the Award ("Annulment Application") and requested a provisional stay of enforcement of the Award and continuation of the stay of enforcement until the *ad hoc* Committee rendered its final decision in the annulment proceeding. (*See* Ex. 6, Decision on Stay of Enforcement of the Award ("Dec. on Stay"), December 12, 2024, ¶ 4.) The *ad hoc* Committee registered the Annulment Application and issued the provisional stay on May 23, 2024. (Dec. on Stay, ¶ 5.) On August 14, 2024, Spain filed its

application for the Continuation of the Stay of Enforcement of the Award ("Stay Application"). (*Id.* ¶ 9.)

24. On November 25, 2024, the *ad hoc* Committee notified the parties of its decision to dismiss the Stay Application (Exhibit 5 hereto), reserving the issue of costs to a further order and notifying the parties that the Committee's reasoned decision would follow shortly. (Dec. on Stay, ¶ 17.) On December 12, 2024, the *ad hoc* Committee provided its reasoned decision to dismiss the Stay Application and ordered the termination of the provisional stay with effect from November 25, 2024. (*Id.* § IV.)

25. In the absence of a stay of enforcement, the Award is immediately binding on Spain and enforceable pursuant to the ICSID Convention. *See* ICSID Convention, art. 53(1) ("Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.").

26. Spain has not made any payments on the Award to date.

**Legal Basis for Relief**

27. The ICSID Convention provides that contracting states must "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention art. 54(1). The ICSID Convention further provides that a contracting state "with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.*

28. The List of Contracting States and Other Signatories of the ICSID Convention is attached hereto as Exhibit 7 ("List of Contracting States"). The United States is a contracting state to

the ICSID Convention. List of Contracting States, page 5. The United States is therefore obligated to enforce the Award as if it were a final judgment of a court in the United States. That obligation is fulfilled through 22 U.S.C. § 1650a(a), which provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

29. Awards issued pursuant to the ICSID Convention are not subject to collateral attack in enforcement proceedings under 22 U.S.C. § 1650a. Contracting states' courts are "not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510, 515 (D.C. Cir. 2023) (quoting *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100, 102 (2d Cir. 2017)).

30. The ICSID Convention therefore "reflects an expectation that the courts of a member nation will treat the award as final." *Valores*, 87 F.4th at 518 (quoting *Mobil*, 863 F.3d at 102); *see also* ICSID Convention arts. 53(1), 54(1). Consistent with this mandate, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thereby "mak[ing] [the FAA's defenses] unavailable to ICSID award-debtors in federal court enforcement proceedings." *Mobil*, 863 F.3d at 120–21. District courts thus enforce ICSID awards without allowing substantive challenges to the awards. *See, e.g., Blasket Renewable Invs. LLC v. Kingdom of Spain*, No. 20-cv-1081 (BAH), 2025 WL 3516146, at *6–8 (D.D.C. Sept. 11, 2025),

*appeal docketed*, No. 25-7158 (D.C. Cir. Oct. 20, 2025); *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708 (LLA), 2025 WL 2374517, at *3 (D.D.C. Aug. 14, 2025), *appeal docketed*, No. 25-7136 (D.C. Cir. Sept. 16, 2025); *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 20-cv-817 (JDB), 2025 WL 2336428, at *4–7 (D.D.C. Aug. 13, 2025); *Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-cv-1753 (LLA), 2025 WL 2320406, at *4–5 (D.D.C. Aug. 12, 2025), *appeal docketed*, No. 25-7174 (D.C. Cir. Oct. 31, 2025); *Blasket Renewable Invs. v. Kingdom of Spain*, No. 19-cv-3783 (CJN), 2025 WL 2320368, at *3–5 (D.D.C. Aug. 12, 2025); *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 23-cv-2701 (RC), 2024 WL 4298808, at *8 (D.D.C. Sept. 26, 2024); *Perenco Ecuador Ltd. v. Republic of Ecuador*, No. 19-cv-2943 (JMC), 2023 WL 2536368, at *5 (D.D.C. Mar. 16, 2023); *Tethyan Copper Co. PTY Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262, 276 (D.D.C. Mar. 10, 2022); *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, No. 17-cv-1457 (TJK), 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018); *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 132–34 (D.D.C. 2012); *Republic of Panama v. Jurado*, No. 8:12-cv-1647 (M.D. Fla. June 13, 2013), Dkt. 18 (order entering judgment).

**<u>Cause of Action and Request for Relief</u>**

31. Arbitral awards issued pursuant to the ICSID Convention are subject to mandatory enforcement in the courts of the United States, which must give those awards the same full faith and credit as a final judgment issued by a state court. 22 U.S.C. § 1650a(a).

32. The Award was rendered in accordance with the ICSID Convention against Spain and in favor of Petitioners.

33. Accordingly, Petitioners are entitled to an order (a) enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (b) entering judgment in Petitioners' favor in the amount specified in the Award.

34. Petitioners request that the Court enter judgment in U.S. dollars and convert any other currency specified in the Award to U.S. dollars. (*See* Award ¶ 1020.)

**WHEREFORE,** Petitioners request that the Court enter an order:

(a) Recognizing and enforcing the pecuniary obligations imposed by the Award as if the Award were a final judgment of a court of general jurisdiction of one of the several states; and

(b) Entering judgment against Spain and in Petitioners' favor in the following amounts, converted to U.S. dollars, in each case without set-off, counterclaim or any other deduction whatsoever:

(i) EUR 253,766,000 in principal;

(ii) EUR 60,683,000 in pre-award interest accruing up to January 18, 2024 on that principal, which was calculated and stated in the Award;

(iii) Post-award interest on the outstanding unpaid sums for the period after January 18, 2024, calculated at the 12-month EURIBOR rate increased by Spain's country risk premium (as calculated in accordance with paragraphs 1008 and 1010 of the Award), compounded annually, until the date of entry of judgment by this Court; and

(iv) Post-judgment interest on each of the above sums at the rate specified in 28 U.S.C. § 1961.

Dated: Washington, D.C.
November 4, 2026

Respectfully submitted,

/s/ *Kenneth D. Beale*
Kenneth D. Beale (D.C. Bar 484566)
Emma J. O’Connor (D.C. Bar 90030009)
Jenner & Block LLP
1099 New York Ave NW, Suite 900
Washington, D.C. 20001
(202) 639-6000
KBeale@jenner.com
EOConnor@jenner.com

Elizabeth A. Edmondson (*pro hac vice forthcoming)*
Jenner & Block LLP
1155 6th Ave
New York, NY 10036
(212) 891-1600
EEdmondson@jenner.com

*Attorneys for Petitioners*